14 F.3d 601
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald MACK, et al., Plaintiffs-Appellants,
v.
Steve HOWELL, et al., Defendants-Appellees.
 No. 92-2201.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: MILBURN and GUY, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants, Donald Mack and the Estate of York Mack, Jr., have appealed the summary judgment in favor of defendants-appellees, Steve Howell, Darrell McClendon, Steven Brandimore, Thomas Langewicz and Philip Love. The Macks filed the instant action in Michigan state court against the named City of Detroit Police Officers after their conviction for cocaine possession was overturned by the Michigan Court of Appeals. The case was removed to federal district court and plaintiffs filed a second amended complaint alleging false arrest and false imprisonment, malicious prosecution, civil conspiracy and a state constitutional Bivens-type violation.[1] A hearing was conducted on the parties' cross-motions for summary judgment. The district court granted, in part, defendants' motion for summary judgment, concluding that both the state tort claim and the federal Sec. 1983 action predicated upon false arrest and false imprisonment were barred by the applicable statute of limitations. In addition, the court decided that the Michigan Supreme Court had explicitly refused to recognize a Bivens-type action based upon the Michigan Constitution. See Smith v. State, Dept. of Public Health, 410 N.W.2d 749 (Mich.1987), cert. granted, Will v. Michigan Dept. of State Police, 485 U.S. 1005 (1988), and aff'd, 491 U.S. 58 (1989). The district court denied defendants' motion for summary judgment on the malicious prosecution claims. The court also denied plaintiffs' motion for summary judgment, concluding that the doctrine of collateral estoppel did not foreclose the defendants from pursuing the existence of probable cause for arresting the plaintiffs. Before proceeding to a civil jury trial the plaintiffs voluntarily dismissed the remaining malicious prosecution claims. The district court accordingly dismissed the case without prejudice.
 
 
 2
 The genesis of this civil action is anchored in the arrest of plaintiffs, Donald and York Mack on March 22, 1988, for possession with intent to deliver cocaine. Following a state jury conviction on the criminal charges, the Macks were incarcerated for a term of five to twenty years. On appeal to the Michigan Court of Appeals, the Macks urged the suppression of certain incriminating evidence seized during a warrantless search of their residence. On February 13, 1991, the state court of appeals reversed the convictions, finding an absence of exigent circumstances to justify the warrantless search of the Macks' residence. All charges against the Macks were subsequently dropped on March 15, 1991, for lack of evidence. The first complaint in the instant civil case was filed on August 5, 1991.
 
 
 3
 Plaintiffs have appealed the district court's summary judgment dismissing their pendent state tort claim of false arrest and false imprisonment. Appeals from summary judgment are reviewed under a de novo standard. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). After viewing the evidence in a light most favorable to the nonmoving party, the court must determine whether there is a genuine issue of material fact that would require submission of the case to a jury. Massey v. Exxon Corp., 942 F.2d 340 (6th Cir.1991). A fact is material if it will "affect the outcome of the suit under the governing law.... Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Liberty Lobby, 477 U.S. at 252. If, after a sufficient time for discovery, the party opposing summary judgment cannot produce evidence that would be sufficient to withstand a directed verdict motion, summary judgment is appropriate. Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir.1989).
 
 
 4
 Plaintiffs have abandoned their appeal of the district court's summary judgment in favor of defendants on their Sec. 1983 claim alleging false imprisonment and false arrest; hence, the remaining assignment of error seeks to determine if plaintiffs' pendent state cause of action alleging false imprisonment and false arrest was barred by the applicable state statute of limitations. In Michigan, the limitations period for an action charging false imprisonment is two years. MICH.COMP.LAWS Sec. 600.5805(2). The district court decided that plaintiffs' pendent state cause of action asserting false arrest and imprisonment was barred by the limitations period because it was filed more than two years after the date of their arrest.[2] On appeal, plaintiffs urge that the limitations period should accrue from the date their convictions were reversed on February 13, 1991, not the date of the arrest, and that their cause of action was therefore initiated within the two-year statute of limitations.
 
 
 5
 There has been no clear pronouncement from the Michigan courts of when an action for false arrest and imprisonment accrues under the two-year statute of limitations set out in MICH.COMP.LAWS Sec. 600.5805(2). Given the procedural posture of this case on appeal, the appropriate course of action is to vacate the summary judgment on the state pendent claim and afford the Michigan courts the initial opportunity to determine the date when an action for false arrest and imprisonment becomes cognizable pursuant to MICH.COMP.LAWS Sec. 600.5805(2). Following this disposition, this court need not review the propriety of plaintiffs' assignment of error arising from the district court's summary judgment disposition addressing the issue of collateral estoppel.
 
 
 6
 Accordingly, the district court's summary judgment on plaintiffs' Sec. 1983 claim is AFFIRMED, summary judgment on plaintiffs' state cause of action is VACATED, and the case is REMANDED to the district court with the instruction to return the case to state court for further proceedings.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Plaintiffs were initially arrested on April 22, 1988. This action was commenced on August 5, 1992, more than three years later